```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------x
UNITED STATES OF AMERICA,

                        Plaintiff,

    -against-

EDWARD DOUGHERTY, GERTRUDE DOUGHERTY aka          ORDER
GERTRAUDE DOUGHERTY, PEM ELECTRICAL               15-cv-554 (ADS)(AKT)
CORPORATION, STEVEN SCHLAFF, TOWN OF
HEMPSTEAD, NEW YORK, VILLAGE OF ATLANTIC BEACH,
NEW YORK, NASSAU COUNTY, NEW YORK, ASTORIA
FEDERAL SAVINGS & LOAN ASSOCIATION n/k/a ASTORIA
BANK, FEDERAL HOME LOAN BANK OF NEW YORK, and
EXECUTIVE CORPORATION OF CLEARWATER, INC.,

                        Defendants.
----------------------------------------------------------------------x
```

## APPEARANCES:

**U.S. Attorney's Office, Eastern District of New York**
*Attorneys for the Plaintiff*
610 Federal Plaza
Central Islip, NY 11722
    By:   James Halloran Knapp
             Bradley Sarnell, Assistant U.S. Attorneys

**LaMonica Herbst & Maniscalco**
*Attorneys for the Defendants Edward Dougherty and Gertrude Dougherty a/k/a Gertraude Dougherty*
3305 Jerusalem Avenue
Wantagh, NY 11793
    By:   David Blansky, Esq., Of Counsel

**Cullen & Dykman LLP**
*Attorneys for the Defendants Astoria Federal Savings & Loan Association n/k/a Astoria Bank and Federal Home Loan Bank of New York*
44 Wall Street
New York, NY 10005
    By:   Samit G. Patel, Of Counsel

## NO APPEARANCES:

**PEM Electrical Corporation**
*Defendant*

Steven Schlaff
*Defendant*

Town of Hempstead, New York
*Defendant*

Village of Atlantic Beach, New York
*Defendant*

Nassau County, New York
*Defendant*

Executive Corporation of Clearwater, Inc.
*Defendant*

SPATT, District Judge:

On February 4, 2015, the Government commenced this tax liability action pursuant to 26 U.S.C. §§ 7401 and 7403, and New York Debtor and Creditor Law §§ 273 and 275, seeking: (i) to recover a monetary judgment against the Defendant Edward Dougherty ("Edward") allegedly representing certain unpaid federal income taxes and Federal Insurance Contributions Act ("FICA") taxes; (ii) to enforce certain liens arising from Edward's tax liability against real property located in the Village of Atlantic Beach, New York (the "Premises"); and (iii) to set aside Edward's transfer of the Premises to the Defendant Gertrude Dougherty a/k/a Gertraude Dougherty ("Gertrude") as a fraudulent conveyance.

The original complaint named as additional Defendants individuals and entities who are alleged to have, or may claim, an interest in the Premises, namely: the Town of Hempstead, New York (the "Town"); the Village of Atlantic Beach, New York (the "Village"); PEM Electrical Corporation ("PEM Corp."); Astoria Financial Corporation ("Astoria"); and Executive Corporation of Clearwater, Inc. ("Clearwater").

On April 8, 2015, prior to any of the Defendants appearing in this action, the Government filed an amended complaint, which removed PEM Corp. as a party to the action; added as Defendants the County of Nassau (the "County") and Federal Home Loan Bank of New York

("FHLBNY"); and amended the title of the action to include the correct name of the Defendant originally sued as Astoria Financial Corporation, namely, "Astoria Federal Savings & Loan Association n/k/a Astoria Bank."

On July 1, 2015, the Clerk of the Court noted the default of the Village, the County, and Clearwater.

On July 14, 2015, the Clerk noted the default of the Town.

On December 23, 2015, the Government filed a second amended complaint, which reinstated PEM Corp. and also added one Steven Schlaff ("Schlaff") as Defendants.

On February 1, 2016, Edward and Gertrude filed an answer to the second amended complaint, asserting various affirmative defenses.

On February 18, 2016, the Clerk of the Court noted the default of PEM Corp. and Schlaff.

On February 29, 2016, the Government filed six individual motions seeking default judgments against the Town, the Village, the County, Clearwater, PEM Corp. and Schlaff (the "Non-Answering Defendants").

On March 1, 2016, the Court referred this matter to United States Magistrate Judge A. Kathleen Tomlinson for a recommendation as to whether the Government's motions for default judgments should be granted, and if so, the relief to be granted.

On March 16, 2016, Astoria and FHLBNY filed an answer to the second amended complaint, asserting various affirmative defenses and a counterclaim alleging that they are the holders of mortgages secured by the Premises, which are entitled to priority over the Government's tax lien. On May 20, 2016, the Government filed an answer to the counterclaim.

On August 1, 2016, Judge Tomlinson issued a Report and Recommendation (the "R&R"), recommending that, pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 55, the motions for default judgments against the Non-Answering Defendants be granted in their entirety, and that this Court issue a judgment declaring that the Non-Answering Defendants have "no right, title,

claim, lien, or other interest in the [Premises]" upon which the Government, by this action, seeks to enforce its tax liens.

On August 2, 2016, the Government filed proof of service of the R&R on the Non-Answering Defendants. The Court notes that a copy of the R&R was presumably served on the counsel of record for the appearing Defendants, namely, Edward, Gertrude, Astoria, and FHLBNY, via ECF.

More than fourteen days have elapsed since service of the R&R on all parties, each of whom has failed to file an objection. Therefore, pursuant to 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72, this Court has reviewed the R&R for clear error, and finding none, now concurs in both its reasoning and its result.

Accordingly, the August 1, 2016 Report and Recommendation is adopted in its entirety, and the Government's motions seeking the entry of default judgments against the Defendants Town of Hempstead, New York; Village of Atlantic Beach, New York; County of Nassau; Executive Corporation of Clearwater, Inc.; PEM Electrical Corporation; and Steven Schlaff are granted in their entirety, such Defendants being hereby adjudged to have no right, title, claim, lien, or other interest in the real property known as 51 Fulton Avenue in Atlantic Beach.

The Clerk of the Court is respectfully directed to enter judgment in accordance with this Order, and this case shall remain open for the purpose of proceeding as against the appearing Defendants in the ordinary course.

SO ORDERED

Dated: Central Islip, New York
September 7, 2016

/s/ Arthur D. Spatt
ARTHUR D. SPATT
United States District Judge